UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**MARSHALL D'ARMOND COLEMAN**                                    **PETITIONER**

v.                                                    **CIVIL ACTION NO. 4:10MC-1-M**

**RIVER VALLEY BEHAVIORAL HEALTH, INC.** *et al.*                **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner has filed this action pursuant to Fed. R. Civ. P. 27 to perpetuate testimony pre-suit. Along with his motion, Petitioner filed a motion to proceed *in forma pauperis.* The filing fee for such an action is $39.00. A review of the Petitioner's prison trust account reveals that his average trust account balance over the past six months was two cents. Accordingly, Petitioner's motion (DN 3) is **GRANTED**.

"The party seeking authorization under Rule 27(a) must show that he is presently unable to bring his action and that without the perpetuation of the testimony a failure or delay of justice would occur." *Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003) (citing Fed. R. Civ. P. 27(a)(1) and (a)(3); *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981)). "Mere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the motion." *Id.* Although Petitioner has provided a detailed account of what he hopes to establish from the proposed discovery, his motion is devoid of any explanation why is presently unable to bring his anticipated action or why discovery cannot wait until the action has been properly filed. Accordingly, Petitioner has failed to comply with the requirements of Rule 27(a), and **IT IS HEREBY ORDERED** that his motion (DN 1) is **DENIED**.

The Clerk of Court is **DIRECTED** to close this action.

There being no just reason for delay in its entry, this is a **final Order**.

The Court further **certifies** that an appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Date:

cc: Petitioner, *pro se*
    Respondents

4414.008